Brandt L. Wolkin, Esq. SBN 112220
Catharine M. Tolson, Esq. SBN 271223
WOLKIN · CURRAN, LLP
111 Maiden Lane, Sixth Floor
San Francisco, California 94108
Telephone:  (415) 982-9390
Facsimile:   (415) 982-4328
bwolkin@wolkincurran.com
ctolson@wolkincurran.com

Attorneys for plaintiff
STATE NATIONAL INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STATE NATIONAL INSURANCE COMPANY, a Texas corporation,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL MURPHY, an individual; PRETTY FACES, LLC, a California Limited Liability Company, AND DOES 1-10,<br><br>Defendants. | Case No. **'23 CV0818 BEN JLB**<br><br>**STATE NATIONAL INSURANCE COMPANY'S COMPLAINT FOR RESCISSION AND DECLARATORY RELIEF** |

COMES NOW, STATE NATIONAL INSURANCE COMPANY ("SNIC" and/or "Plaintiff"), and alleges as follows:

## PARTIES

1. Plaintiff SNIC is now, and at all times mentioned in the Complaint was, an insurance company organized and existing under the laws of the State of Texas. SNIC is licensed to do business in the State of California by the California Secretary of State and Department of Insurance.

2. SNIC is informed and believes, and thereon alleges, that defendant Michael Murphy is an individual residing in Los Angeles County, California.

1
COMPLAINT FOR RESCISSION AND                CASE NO.
DECLARATORY RELIEF

3.  SNIC is informed and believes, and thereon alleges, that defendant Pretty Faces, LLC (hereinafter "Defendant") is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Palm Springs, California.

## ACTION

4.  This is an action for rescission and declaratory judgment brought under 28 U.S.C. §2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining actual controversies among the parties as hereinafter more fully set forth.

## JURISDICTION

5.  The controversy for which SNIC requests a declaratory judgment involves parties who are subject to the diversity jurisdiction of this court and the amount in controversy exceeds the jurisdictional limitations set forth in 28 U.S.C. §1332.

## VENUE

6.  Venue is proper in the Southern District of California in that the Defendant is subject to personal jurisdiction in this district at the time this action is commenced (28 U.S.C. §1391(c)) and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## FACTUAL RECITALS AND INSURANCE POLICIES

7.  Defendant Pretty Faces, LLC ("Pretty Faces") leases 150 S Indian Canyon Dr, Ste B, in Palm Springs, California. Pretty Faces entered into a Lease Agreement with the property owner/landlord OCL2020, LLC ("Owner") on August 1, 2021. (Exhibit A.) The Lease Agreement contains the following description of the tenancy:

> 11.  USE:  A) Tenant's Business Name:  Pretty Faces LLC dba Pretty Faces Nightclub
>
> B) Tenant's operation hours shall be: 8pm to 2am.  For special event, the hours shall be mutually agreed.

*C) LIMITATIONS ON USE: tenants shall use the Premises for a **<u>night/dance club only</u>**.*

**Pretty Faces Applies for Insurance with State National for Coverage for a Restaurant and Makes Several Material Misrepresentations**

8. On July 22, 2022, Michael Murphy signed an application for insurance with State National for the business Pretty Faces LLC. The Application asked for a description of the business, and the response given was "Casual Dining." (Exhibit B.)

9. The application also asked whether Pretty Faces would have live entertainment or a dance floor, and the answer was "no." (Exhibit B.)

10. The application also asked whether the business would be operating between the hours of midnight and 5am, and the answer written was "no." Mr. Murphy e-clicked the verification of the application summary, which stated that he agreed to be legally bound to the terms and conditions. (Exhibit B.)

11. Based on the representations made in the Application, State National issued Commercial Property Policy No. NXTY993PWL-00-CP (the "CP Policy") to Michael Murphy Pretty Faces LLC, effective July 22, 2023 through July 22, 2023. (Exhibit C). State National also issued Commercial General Liability Policy No. NXTJYCXCQY-00-GL, effective July 22, 2023 through July 22, 2023 to Michael Murphy Pretty Faces LLC (the "CGL Policy") (Exhibit D).

12. The CGL Policy states:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**….**

**6.    Representations**

By accepting this policy, you agree:

3
COMPLAINT FOR RESCISSION AND                    CASE NO.
DECLARATORY RELIEF

      **a.**    The statements in the Declarations are accurate and complete;

      **b.**    Those statements are based upon representations you made to us; and

      **c.**    We have issued this policy in reliance upon your representations.

13. The CP Policy, as amended by the California Changes Endorsement states:

    **C.**    **Concealment, Misrepresentation, Or Fraud**

    This Policy is void if any insured, whether before or after a loss, has committed fraud or intentionally concealed or misrepresented any material fact or circumstance concerning:

      **a.**    This Policy;

      **b.**    The Covered Property;

      **c.**    An insured's interest in the Covered Property; or

      **d.**    A claim under this Policy.

14. State National would not have issued the Policies had it known the true facts of Pretty Faces' business operations, as State National does not offer insurance to night clubs.

## The Incident

15. Ms. Lauren Fernald was at Pretty Faces on October 2, 2022 when she claims to have slipped and fell on the dance floor, resulting in a fractured wrist. She allegedly had surgery, and missed work as a hairdresser.

16. On October 3, 2022, Plaintiff emailed party@prettyfacesnightclub.com to report the incident. She stated,

> "due to liquid on the floor, I slipped and fell, landing on my wrist. When I looked down, my left wrist was severely deformed. I didn't stop and tell anyone because was in extreme pain, needed to get to the ER so we got a lyft and left the pretty faces at 10:50pm. I was x-rayed twice, put under sedation to realign the bone, put in a splint and then discharged after 3;30am. …I am a hairdresser, in order to not lose my livelihood, I am scheduled for surgery tomorrow morning… ."

4
COMPLAINT FOR RESCISSION AND           CASE NO.
DECLARATORY RELIEF

17. A workplace Incident Report Form was filled out on October 5, 2022 by Pretty Faces, which describes that "Lauren states that she slipped and fell from liquid on the floor and ended up falling on her wrist causing it to break. Lauren did not tell anyone, then left the business and went to the hospital."

18. Plaintiff filed a Complaint against Michael Murphy, Pretty Faces LLC, Bert Lounge, LLC, and Owner for General Negligence and Premises Liability, alleging wage loss, hospital and medical expenses, general damage, and loss of earning capacity as a result of her fall. A Cross-Complaint was filed by the Owner against Michael Murphy and Pretty Faces LLC for Total and Equitable Indemnity, Declaratory Relief that OLC2020, LLC is not legally responsible for Plaintiff's injuries, Breach of Contractor for failure to accept tender of defense and request for indemnity, and Express Indemnity (collectively, the "Action").

19. Defendants tendered defense and indemnity under the CGL Policy to State National, but State National originally denied coverage on October 19, 2022 on the grounds that the CGL Policy was issued with the Business Description being a restaurant, thereby precluding coverage for a nightclub operation. (Exhibit E.)

20. Ultimately, however, State National agreed to defend Defendants under the CGL Policy under a complete a reservation of rights, issued on February 22, 2023. (Exhibit F.)

21. State National is providing a defense to Michael Murphy, an individual, in addition to Pretty Faces, LLC pursuant to SECTION II – WHO IS AN INSURED of the Policy which states that because Pretty Faces, LLC is a limited liability company, its members are also insureds, but only with respect to the conduct of the business, and the managers are insureds with respect to their duties as managers. State National is informed that Michael

Murphy is a member/manager of Pretty Faces, LLC, and therefore qualifies as a named insured under the Policy.

22.  State National's original reservation of rights specifically states, **"this policy is limited to operating a restaurant and does not cover nightclub activities.  Your General Liability and policy's schedule of project or operation limits coverage to activities related to operating a restaurant.  Restaurant operations do not include "operations as a bar, tavern, sports bar, night club, cabaret, discotheque, gentleman's club.""** The reservation also points out that the Miscellaneous Services Provider Professional Liability coverage also has a similar exclusion.  The reservation goes on to state that "it is unclear whether this incident arose from your business operating in the capacity of a nightclub and bar.  Given this policy does not cover these activities, we will be defending this case under a reservation of rights."

23.  Thereafter, on April 18, 2023, Mario Navarro of the Next Insurance Team communicated State National's intent to rescind the Policies retroactively (Exhibit G) and two Notices of Cancellation were issued to Pretty Faces indicating that both the Commercial General Liability Policy No. NXTY993PWL-00-CP and the Commercial Policy No. NXTY993PWL-00-CP were effectively cancelled.  State National also refunded the total of premiums collected for the policy by refunding that amount to the card Defendant had on file with the company that same day.  (Exhibit H.)

24.  On May 4, 2023, counsel for State National issued an Amended Reservation of Rights and Notice of Rescission letter to Defendants, which enclosed a copy of this Complaint therein.  (Exhibit I.)

///

///

///

## FIRST CAUSE OF ACTION

### (Rescission of the CGL Policy)

25. SNIC re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 24 of the Complaint.

26. The Application asked for a description of the business, and the response given was "Casual Dining." The application also asked whether Pretty Faces would have live entertainment or a dance floor, and the answer was "no." The application also asked whether the business would be operating between the hours of midnight and 5am, and the answer written was "no." Mr. Murphy e-clicked the verification of the application summary, which stated that he agreed to be legally bound to the terms and conditions.

27. The representations made by Defendants were in fact false.

28. At the time the representations were made, and at the time SNIC issued the CGL Policy, SNIC did not know the representations made were false. SNIC believed the representations to be true and reasonably relied on them. If SNIC had known the true facts, it would not have issued the CGL Policy to Defendant.

29. SNIC will suffer substantial harm and injury if the Policy is not rescinded. Defendant's misrepresentations as to the nature of operations at the Property caused the risk accepted by SNIC to be greatly expanded beyond what it was willing to insure and deprived SNIC of its bargain.

30. SNIC provided notice of rescission pursuant to this Summons and Complaint and by way of April 18, 2023 and May 4, 2023 correspondence, and reimbursed Defendants $4,994.16 (Four Thousand Nine Hundred Ninety Four Dollars and Sixteen Cents) for all premiums paid for the Policy by refunding that amount to the card State National had on file. Thus, all consideration

///

furnished by Defendants in exchange for the issuance of the CGL Policy has been refunded.

31.  As a result of issuing the CGL Policy, SNIC has incurred expenses in addition to those alleged above.  Additional expenses include, without limitation, attorneys' fees and costs to file the instant action, and attorneys' fees and costs expended in defense of Pretty Faces in the Underlying Action.  SNIC will continue to incur expenses in an amount unknown at this time.  SNIC prays leave of this court to amend this Complaint to insert the true amount of those expenses when they have been ascertained.

### SECOND CAUSE OF ACTION
### (Rescission of the CP Policy)

32.  SNIC re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 31 of the Complaint.

33.  The Application asked for a description of the business, and the response given was "Casual Dining."  The application also asked whether Pretty Faces would have live entertainment or a dance floor, and the answer was "no."  The application also asked whether the business would be operating between the hours of midnight and 5am, and the answer written was "no."  Mr. Murphy e-clicked the verification of the application summary, which stated that he agreed to be legally bound to the terms and conditions.

34.  The representations made by Defendants were in fact false.

35.  At the time the representations were made, and at the time SNIC issued the CP Policy, SNIC did not know the representations made were false. SNIC believed the representations to be true and reasonably relied on them.  If SNIC had known the true facts, it would not have issued the CP Policy to Defendant.

///

36. SNIC will suffer substantial harm and injury if the Policy is not rescinded. Defendant's misrepresentations as to the nature of operations at the Property caused the risk accepted by SNIC to be greatly expanded beyond what it was willing to insure and deprived SNIC of its bargain.

37. SNIC provided notice of rescission pursuant to this Summons and Complaint and by way of April 18, 2023 and May 4, 2023 correspondence, and reimbursed Defendant $4,994.16 (Four Thousand Nine Hundred Ninety Four Dollars and Sixteen Cents) for all premiums paid for the Policy by refunding that amount to the card State National had on file. Thus, all consideration furnished by Defendant in exchange for the issuance of the CP Policy has been refunded.

38. As a result of issuing the CGL Policy, SNIC has incurred expenses in addition to those alleged above. Additional expenses include, without limitation, attorneys' fees and costs to file the instant action. SNIC will continue to incur expenses in an amount unknown at this time. SNIC prays leave of this court to amend this Complaint to insert the true amount of those expenses when they have been ascertained.

## THIRD CAUSE OF ACTION

**(Declaratory Relief re No Duty to Defend the Action Under the CGL Policy)**

39. SNIC re-alleges, and incorporates by reference as though set forth in full, each and every allegation contained in Paragraphs 1 through 38 of the Complaint.

40. Should SNIC not be granted rescission as prayed for in the First Cause of Action, then SNIC also seeks a declaration that it is not obligated to provide coverage to Defendants for the claims being made in the Action.

///

///

41. Regardless of whether the relief requested in the First Cause of Action is granted, SNIC seeks a declaration that it is not obligated to provide coverage to Defendant for the claims being asserted in the Action.

42. An actual and present controversy now exists between SNIC and Defendants for the reasons described above, SNIC contends it is not obligated to provide coverage for the Action in light of the following:

a. The terms of the "Limitation of Coverage to Designated Premises, Project or Operation," endorsement on the CGL Policy. That endorsement lists a Schedule of covered projects/operations. The Declarations page on the CGL Policy includes the following table:

| DESCRIPTION OF BUSINESS | |
|---|---|
| Insured is: | |
| _____Individual / Sole Proprietor Partnership/Joint Venture | |
| X       Limited Liability Company | Trust |
| _____Other – Corporation | |
| Business of Insured: | Restaurant |

The endorsement titled "Limitation of Coverage to Designated Premises, Project or Operation," lists a Schedule of covered projects/operations as follows:

Activities related to operating a restaurant.

Restaurant operations do not include:

    1. Activities related to operating an outdoor play area that is ungated or accessible through means other than through the restaurant.

    2. Activities related to or arising out of the production of alcohol, including operations as a winery, brewery, distillery or similar business.

      3.    Operations as an importer or wholesale distributor of alcohol.

      4.    Operations as a bar, tavern, sports bar, night club, cabaret, discotheque, gentlemans club or similar business.

      5.    Operations as a membership club, such as a golf, civic, fraternal, or social club.

      6.    Selling or serving alcoholic beverages without a valid license, permit or training required to do so.

      7.    Arranging or operating sporting activities on or off premises.

Does not include the sale of food-based products over the internet other than:

      1.    Sales on platforms that facilitate local food delivery

      2.    Small-scale or craft production of not more than 5,000 units per year under a private label owned by the Named Insured and not intended for resale

The endorsement provides:

    **A.**    If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01,** the provisions under this Paragraph **A.** apply:

      **1.**    Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

        **b.**    This insurance applies to "bodily injury" and "property damage" caused by an "occurrence" that takes place in the "coverage territory" only if:

          **(1)**    The "bodily injury" or "property damage":

            **(a)**    Occurs on the premises shown in the Schedule or the grounds and structures appurtenant to those premises; or

            **(b)**    Arises out of the project or operation shown in the Schedule;

          **(2)**    The "bodily injury" or "property damage" occurs during the policy period; and

          **(3)**    Prior to the policy period, no insured listed under Paragraph **1.** of Section **II** – Who Is An Insured and no "employee" authorized

> by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

Accordingly, the endorsement specifically states that the only covered operations are the operation of a restaurant. The CGL Policy specifically excludes coverage for nightclub activities.

b. The CGL Policy also contains a Miscellaneous Service Provider Professional Liability Coverage – Bodily Injury and Property Damage Only Endorsement, which limits coverage to professional services described as:

> Activities related to operating a restaurant.
>
> Restaurant operations do not include:
>
> 1. Activities related to operating an outdoor play area that is ungated or accessible through means other than through the restaurant.
>
> 2. Activities related to or arising out of the production of alcohol, including operations as a winery, brewery, distillery or similar business.
>
> 3. Operations as an importer or wholesale distributor of alcohol.
>
> 4. Operations as a bar, tavern, sports bar, night club, cabaret, discotheque, gentlemans club or similar business.
>
> 5. Operations as a membership club, such as a golf, civic, fraternal, or social club.
>
> 6. Selling or serving alcoholic beverages
>
> 7. Arranging or operating sporting activities on or off premises.
>
> Does not include the sale of food-based products over the internet other than:
>
> 1. Sales on platforms that facilitate local food delivery

  2. Small-scale or craft production of not more than 5,000 units per year under a private label owned by the Named Insured and not intended for resale

The Endorsement goes on to provide as follows;

**B.** The following is added to **SECTION I – COVERAGES**: **MISCELLANEOUS SERVICE PROVIDER PROFESSIONAL LIABILITY COVERAGE**

 **1.** **Insuring Agreement**

  **a.** We will pay all sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" caused by a "professional incident" to which this insurance applies.

\*\*\*

**D.** With respect to the coverage afforded by this endorsement, the following definitions are added to **SECTION V - DEFINITIONS**:

 **2.** "Professional incident" means:

  **a.** An actual or alleged negligent act, error or omission in the rendering of or failure to render "professional services" for others by an insured; and

  **b.** All related negligent acts, errors, or omissions arising out of the rendering or failing to render "professional services" to any one person or organization shall be deemed to be one "professional incident", and will also be deemed to have taken place at the time of the earliest "professional incident"

 **3.** "Professional services" means only those services or activities described as part of the Class Description in the **SCHEDULE** above.

Accordingly, the endorsement specifically states that the only covered professional services are the operation of a restaurant. The CGL Policy specifically excludes coverage for nightclub activities.

 43. SNIC desires a judicial determination and declaration of the parties' respective rights and duties under the CGL Policy issued to Defendant. Specifically, SNIC desires a judicial determination and declaration that it is not obligated to provide coverage to Defendant in connection with the Action.

44. Should the Court find that SNIC is not entitled to rescission of the Policy, SNIC seeks a declaration from this Court that there is no coverage for the Action because (1) the Limitation of Coverage to Designated Premises, Project or Operation applies to preclude coverage, and/or (2) because the Miscellaneous Service Provider Professional Liability Coverage – Bodily Injury and Property Damage Only Endorsement applies to preclude coverage.

WHEREFORE, SNIC prays for judgment as set forth below.

1. For rescission of the CGL and CP Policies *ab initio*;
2. For a declaration of all rights, duties and obligations of the parties under the CGL Policy;
3. That a judgment be entered against Defendant determining that SNIC has no obligation to provide coverage for the Action;
4. For reimbursement of reasonable attorneys' fees and other litigation expenses according to proof;
5. For costs of suit incurred herein;
6. For pre-judgment and post-judgment interest at the legal rate; and,
7. For such other further relief as this Court deems just and proper.

Respectfully submitted,

Dated:   May 4, 2023                      WOLKIN CURRAN, LLP

*/s/ Brandt L. Wolkin*

By: _____
Brandt L. Wolkin, Esq.
Catharine M. Tolson, Esq.

Counsel for Plaintiff
STATE NATIONAL
INSURANCE COMPANY